■ KEVIN K. DODD, Appellant, v CHERYL C. COLBERT, Respondent. [909 NYS2d 768]—

McCarthy, J. Appeal from an order of the Supreme Court (Work, J.), entered January 14, 2010 in Ulster County, which denied plaintiff's application for injunctive relief.

The parties physically separated in October 2005, and plaintiff commenced this action for divorce in February 2008. In August 2009, plaintiff sought, insofar as is relevant to this appeal, an order prohibiting defendant from permitting her alleged paramour, or any other unrelated adult male, to reside or sleep in the former marital residence or elsewhere during such time when the parties' minor child was in her physical custody. Defendant opposed that portion of plaintiff's application seeking to bar overnight male guests, contending that the child had a positive relationship with her male friend and, further, that plaintiff engaged in similar behavior when the child was in his physical custody. Supreme Court denied plaintiff's application and this appeal ensued.

We affirm. Domestic Relations Law § 240 (3) (a) (5) permits a court to issue an order of protection directing a party to refrain from any act that creates an "unreasonable risk to the health, safety or welfare of a child." Although plaintiff's affidavit is replete with allegations of defendant's purported misdeeds, only two of the cited incidents—one where the child apparently reported to plaintiff that "there was a strange man in Mommy's bed" and one where the child expressed some hesitancy at being transported from a visitation by defendant's male friend—in any way relate to the alleged paramour and, hence, bear any relevance to the sought-after prohibition. Moreover, although the child's pediatrician did recommend that the child receive counseling, she in no way attributed the child's need for therapy to the alleged paramour and/or his admitted presence in the former marital residence. In addition, plaintiff's dire predictions of trauma to the child are significantly undercut by the fact that he became aware of the alleged paramour's presence in the former marital home within weeks of moving out in October 2005 and yet did not seek injunctive relief until nearly four years later. In short, as plaintiff's proof falls far short of establishing (or even alleging) an unreasonable risk to the child's health, safety or welfare (cf. Matter of Hess v Pedersen, 211 AD2d 1000, 1001 [1995]), his application for injunctive relief was properly denied.

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.